# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
Filed: December 9, 2016
[Not to be Published]

```
* * * * * * * * * * * *
ALEXANDRA TOES,              *
                             *                16-007v
             Petitioners,    *
     v.                      *      Chief Special Master Dorsey
                             *
                             *      Dismissal; Gardasil;
SECRETARY OF HEALTH          *      Severe Adverse Reaction.
AND HUMAN SERVICES,          *
                             *
             Respondent.     *
* * * * * * * * * * * *
```

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioners.
Voris Edward Johnson, United States Department of Justice, Washington, DC for respondent.

### DECISION[1]

On January 4, 2016, Alexandra Toes ("petitioner") filed a petition on pursuant to the National Vaccine Injury Compensation Program.[2] She filed an Amended Petition on April 28, 2016. Petitioner alleged that she suffered a severe adverse reaction as a result of receiving her third Gardasil vaccination on December 17, 2012. The information in the record, however, does not show entitlement to an award under the Program.

On December 7, 2016, petitioner moved for a decision dismissing her petition, stating that "[p]etitioner recognizes that she will likely be unable to meet her burden of proof as to scientific and medical causation under the record as it exists and/ or establish that she is entitled to compensation in the Vaccine Program." Motion for a Decision Dismissing Petition at ¶ 5, filed December 7, 2016. Petitioner states that she understands that a decision by the Chief Special

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

Master will result in a judgment against her, and that such a judgment will end all of petitioner's rights in the Vaccine Program.  Id. at ¶ 5.  Petitioner states that she intends to protect her rights to file a civil action.  Id. at ¶ 8.  Respondent does not oppose petitioner's motion.

To receive compensation under the Program, petitioner must prove either (1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that she suffered an injury that was actually caused by the vaccination.  See §§ 13(a)(1)(A) and 11(c)(1).  An examination of the record did not uncover any evidence that petitioner suffered a "Table Injury," nor does petitioner allege that she suffered a "Table Injury."  Further, the record does not contain any persuasive evidence indicating that petitioner's alleged injuries were caused by the Gardasil vaccine.

Under the Vaccine Act, petitioner may not be given a Program award based solely on the petitioners' claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 13(a)(1).  In this case, because there are insufficient medical records supporting petitioner's claim, a medical opinion must be offered in support.  Petitioner, however, has offered no such opinion.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that petitioner suffered a "Table Injury" or that the injuries were "actually caused" by the Gardasil vaccination.  **Thus, this case is dismissed for insufficient proof.  The Clerk shall enter judgment accordingly.**

Additionally, the status conference currently scheduled for December 15, 2016 at 11:30 a.m. (EST) is hereby deemed **MOOT and TERMINATED.**

**IT IS SO ORDERED.**

**/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master